# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

TRACY L. COONS,                         )
                                        )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )          Case No. 10-CV-826-GKF-FHM
                                        )
STATE OF OKLAHOMA;                      )
GOVERNOR OF OKLAHOMA,                   )
                                        )
            Defendants.                 )

## OPINION AND ORDER

Before the court is the Motion to Dismiss [Dkt. #17] filed by defendants, State of

Oklahoma and Governor of Oklahoma.  Defendants seek dismissal of the pro se plaintiff's

Amended Complaint pursuant to Fed.R. Civ. P. 12(b)(6) for failure to state a claim upon which

relief can be granted.

Plaintiff's Amended Complaint alleges his Fourteenth Amendment rights were violated

when defendants denied plaintiff "a complete legal representation by an attorney" in a divorce

action in Tulsa County District Court, Case No. FD-2003-2065.  [Dkt. #2, Amended Complaint

at 1-2]. He contends he is mentally ill.  [*Id.*at 2].He seeks an order requiring the State of

Oklahoma to purchase for him property comparable to real estate awarded in the divorce to his

1

ex-wife, and to reimburse him for rental income, bail money, pension, income and costs.  [*Id.* at

3].  Plaintiff has attached the Decree of the Divorce to his complaint.  [*Id.,* Ex. A].

Defendants contend the Amended Complaint should be dismissed because they have

Eleventh Amendment Immunity and because the complaint fails to plead facts demonstrating

that plaintiff is entitled to relief.

## Eleventh Amendment Immunity

Plaintiff appears to have brought this action pursuant to 42 U.S.C. § 1983 for alleged

violation of his constitutional rights.  However, states and state officials acting within the scope

of their official capacity are entitled to Eleventh Amendment immunity in § 1983 cases.  *Will v.*

*Michigan Department of State Police,* 491 U.S. 58, 65, 71 (1989); *Harris v. Champion,* 51 F.3d

901, 905-06 (10th Cir. 1995).  Therefore, defendants' motion must be granted.

## Failure to State a Claim

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007), ruling that to withstand a motion to dismiss, a complaint must contain

enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544,

570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to

2

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Under the *Twombly* standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Although the new *Twombly* standard is "less than pellucid," the Tenth Circuit Court of Appeals has interpreted it as a middle ground between "heightened fact pleading," which is expressly rejected, and complaints that are no more than "labels and conclusions," which courts should not allow. *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1964, 1965, 1974. Accepting the allegations as true, they must establish that the plaintiff plausibly, and not just speculatively, has a claim for relief. *Robbins*, 519 F.3d at 1247. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id*. at 1248. The Tenth Circuit Court of Appeals instructed in *Robbins* that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context. . . .[and] the type

3

of case." *Id*. (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008)).  A simple negligence action may require significantly less allegations to state a claim under Rule 8 than a case alleging anti-trust violations (as in *Twombly*) or constitutional violations (as in *Robbins*).  *Id*.

Plaintiff's Amended Complaint fails to meet the standard set out in *Twombly*.  The pleading is so incoherent, it is impossible to discern the actual grounds of plaintiff's claim or claims against defendants.

### Conclusion

For the foregoing reasons, defendants' Motion to Dismiss [Dkt. #17] is granted.

ENTERED this 21st day of September, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

4